PHILLIP A. TALBERT
United States Attorney
COLLEEN M. KENNEDY
STEVEN TENNYSON
Assistant United States Attorneys
Eastern District of California
501 I Street, Suite 10-100
Sacramento, CA 95814
Phone: (916) 554-2700

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>EDWARD POLLARD,<br><br>              Plaintiff,<br><br>        v.<br><br>THEODORE WORKMAN, JR; LEONARD<br>SOLONIUK; and SOLONIUK PAIN CLINIC, a<br>Medical Corporation,<br><br>              Defendants. | Case No. 2:19-cv-00325-MCE-DB<br><br>**STIPULATED PROTECTIVE ORDER** |

## I.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, and/or private information, including protected health information (PHI), for which special protection from public disclosure and from use for any purpose other than litigating this action is appropriate. Accordingly, the parties hereby stipulate and petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The entry of this Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine, or other

1

privileges, or any party's right to contest any such assertion.

## II.    <u>GOOD CAUSE STATEMENT</u>

This Action is likely to involve PHI and/or personal, commercial, or proprietary information for which special protection from public disclosure and from use for any purpose other than litigation of this action is appropriate. Such confidential and proprietary materials and information consist of confidential business or financial information and sensitive personal information including employment records, medical records, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

The parties may produce certain PHI, as defined in 45 C.F.R. § 160.103, which includes individually identifiable health information (such as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number), pursuant to discovery requests.  The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102–164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the United States.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.    <u>DEFINITIONS</u>

"Action" shall mean the case styled as *United States of America, ex. rel. Pollard* v. *Theodore Workman, Jr; Leonard Soloniuk; and Soloniuk Pain Clinic, a Medical Corporation*, Case No. 2:19-cv-00325-MCE- DB, (E.D. Cal.).

"CONFIDENTIAL" Information or Items shall mean Disclosure or Discovery Material (as defined below) that qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including Discovery Material that contains PHI and any information that would be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and/or 45 C.F.R. Part 5b.

"Designating Party" shall mean a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

"Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

"Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or been designated by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

"Party" shall mean any party to this Action, including all of its officers, divisions, agencies, directors, employees, agents, consultants, retained experts, and counsel.

"Producing Party" shall mean a Party that produces Disclosure or Discovery Material in this Action.

"Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

"Protected Material" shall mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

"Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

### IV.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also copies and/or excerpts of Protected Material. This Order does not govern the

STIPULATED PROTECTIVE ORDER

use of Protected Material at trial. Any use of Protected Material at trial shall be governed by the orders of the trial judge, and the procedures for use of Protected Material during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  In so doing, the parties shall consider redacting Protected Material that contains PHI to remove individual patient identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed.  No party shall disclose Protected Material in open Court without prior consideration by the Court.

## V.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within 90 days of the final disposition of this litigation, the Defendants shall return any Protected Material produced by the United States that contains PHI and all copies, as well as all notes, memoranda, summaries, or other documents containing information from such documents, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.

## VI.    DESIGNATING PROTECTED MATERIAL

Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of

this Order. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced; when producing the specified documents for copying and production, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

(b)     for testimony given in depositions, Parties may show deponents documents that have been designated "CONFIDENTIAL" because they contain PHI.  However, efforts should first be made, if practicable, to conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the patient's name or other identifying information.   The Designating Party may either (i) identify on the record, before the close of the deposition, all "CONFIDENTIAL" testimony, by specifying all portions of the testimony that qualify as "CONFIDENTIAL" or (ii) designate the entirety of the testimony at the deposition, including the exhibits, as "CONFIDENTIAL" (before the deposition is concluded) or with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript. Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Order.  In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" information shall be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL" as instructed by the Designating Party.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

STIPULATED PROTECTIVE ORDER

containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

The Challenging Party shall initiate an attempt to meet and confer concerning the designation of confidentiality within 10 days from the date the challenge is made. If the parties are unable to resolve the dispute, the Challenging Party may seek appropriate relief from the court.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL

A Receiving Party may use Protected Material that is disclosed or produced in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. This Order requires that such disclosure of Protected Material as contemplated herein shall be accompanied by an advisement that such Materials are being disclosed pursuant to, and are subject to, the terms of this Order and that they may not be disclosed other than pursuant to its terms.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

STIPULATED PROTECTIVE ORDER

(a)     the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     the court and its personnel;

(d)     court reporters and their staff;

(e)     Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f)     any deposition or non-trial hearing witness in the Action;

(g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(h)     any other person that the Designating Party agrees to in writing.

## IX.     <u>MATERIAL SUBPOENAED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a)     promptly notify, in writing, the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

## X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify, in writing, the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order in writing by furnishing a copy of the Order.

## XI.    INADVERTENT PRODUCTION

The production of privileged or work-product protected material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in other federal or state proceedings. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Subject to the provisions of this order, if the Producing Party discloses information in connection with this case that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection (i.e., "Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

A Producing Party must promptly notify the Receiving Party receiving the Privileged Information, in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure. Within five (5) business days of the notification by Producing Party, the Producing Party must produce a privilege log setting forth the basis for the claim of privilege. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in which case it will follow the procedures outlined below—promptly (i) notify the Producing Party that it will make best efforts to identify and return, or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has, (ii) provide a certification that it has ceased further review, dissemination, and use of the Privileged Information, and (iii) provide a certification that the Privileged Information has been destroyed or returned.

STIPULATED PROTECTIVE ORDER

If a Receiving Party contests the claim of privilege or attorney work-product protection, the Receiving Party must—within five (5) business days of receipt of the Producing Party's privilege log—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must not include any of the information subject to the dispute regarding privilege or work-product protection. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

The parties may stipulate to extend the time periods set forth in the preceding paragraphs.

Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

If a Party receiving Information has reason to believe that Disclosed Information may reasonably be subject to a claim of privilege, then the Party receiving such information shall immediately sequester the information, cease using the information and cease using any work product containing the information, and shall inform the Party that disclosed such information of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the Party that made the disclosure of such information. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Privileged Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve and/or certify destruction of all unauthorized copies of the Privileged Information, (c) and inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order in writing by furnishing a copy of the Order.

## XII.   DISCLOSURE TO AGENCIES OR DEPARTMENTS OF THE UNITED STATES

Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, Protected Material relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such Protected Material by an agency in any

9                                    STIPULATED PROTECTIVE ORDER

proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Order.

### XIII.   DISCLOSURES TO CONGRESS

Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide Protected Material to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Protected Material has been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

### XIV.   MISCELLANEOUS

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

A Party that seeks to file, under seal, any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

The Court hereby authorizes the disclosure described in this Order in accordance with 5 USC 552a (b)(11) and 45 CFR 164.512(e).

IT IS SO STIPULATED.

///

///

///

///

///

STIPULATED PROTECTIVE ORDER

Dated: July 26, 2024                        PHILIP A. TALBERT
                                            United States Attorney

                                    By: /s/ Colleen M. Kennedy
                                        COLLEEN M. KENNEDY
                                        STEVEN TENNYSON
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        United States of America

Dated: July 26, 2024                        SEGAL & ASSOCIATES, PC

                                    By: /s/ Emily E. Doringer
                                        MALCOLM SEGAL
                                        EMILY E. DORINGER
                                        Attorneys for Theodore Workman, Jr, and
                                        Soloniuk Pain Clinic

Dated: July 26, 2024                        FENTON LAW GROUP

                                    By: /s/ Nick Jurkowitz
                                        NICK JURKOWITZ
                                        Attorney for Leonard Soloniuk

Dated: July 26, 2024                        HIRST LAW GROUP, P.C.

                                    By: /s/ Michael Hirst
                                        MICHAEL HIRST
                                        MARISELA BERNAL
                                        Attorneys for Edward Pollard

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves and enters this Stipulated Protective Order.

IT IS SO ORDERED.

Dated:  July 29, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
usa19cv325.stip.po

STIPULATED PROTECTIVE ORDER